IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ubong Christopher Ubokudom,<br><br>                              Plaintiff,<br><br>v.<br><br>U.S. Government,<br><br>                              Defendant. | C/A No. 3:25-cv-3203-SAL<br><br><br>**ORDER** |

Plaintiff Ubong Christopher Ubokudom ("Plaintiff") brings this action against the United States Government under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). [ECF No. 1.] He claims government officials are illegally surveilling him through his electronic devices and are using information gained from this surveillance to interfere with various aspects of his life, including limiting his employment opportunities, obstructing his access to legal counsel, stocking stores where he shops with toxic products, and engaging in other forms of harassment. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 14.] In the Report, the magistrate judge recommends summarily dismissing this matter because it is factually frivolous. *Id.* at 3–4. The magistrate judge further recommends denying Plaintiff's emergency motion for a temporary restraining order, ECF No. 28. [ECF No. 14 at 4.] Plaintiff was advised of his right to file objections to the Report, and he has done so. [ECF No. 18.]

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without a full recitation here. The magistrate judge recommends summary dismissal of this action because Plaintiff's claims are factually frivolous. [ECF No. 14.] It is well established that a court may dismiss factually frivolous claims. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts to contradict them."). The court agrees with the magistrate judge's assessment and concludes that Plaintiff's allegations fall within this category.

Plaintiff's objections—primarily citing historical examples such as the surveillance of Dr. Martin Luther King, Jr. and abuses during the McCarthy era—do not render his current claims plausible. Although government surveillance has occurred in the past, Plaintiff's assertions lack factual support and align with claims that courts have routinely found to be frivolous. *See Leon v. Fed. Bureau of Investigation*, Civil Action No. 3:22-CV-24 (GROH), 2022 WL 1681658, at *4–5 (N.D.W. Va. Apr. 26, 2022) (collecting cases dismissing claims of government surveillance as frivolous); *Marshall v. Greene*, Civil Action No. 3:10CV-224-H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) (dismissing as frivolous claims of conspiracy related to stalking by federal and state officials); *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.C. Cir. 2010) (explaining "claims relating to alleged government surveillance and harassment are the sort of 'bizarre conspiracy theory' that warrant dismissal" and dismissing the complaint as frivolous); *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (finding claims of government surveillance to be "flimsier

than doubtful or questionable—essentially fictitious" (internal citation omitted)). Accordingly, the court overrules Plaintiff's objections.

For the same reasons, the court also adopts the magistrate judge's recommendation to deny Plaintiff's motion for a temporary restraining order.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 14, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's emergency motion for a temporary restraining order, ECF No. 8, is also **DENIED**.

**IT IS SO ORDERED.**

June 2, 2025                              Sherri A. Lydon
Columbia, South Carolina                  United States District Judge

4